IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STACY LADON BROWN,

                Plaintiff,

      v.                                    CASE NO. 10-3026-SAC

CLAUDE CHESTER,

                Defendant.

## O R D E R

Plaintiff, a prisoner incarcerated in the United States Penitentiary in Leavenworth, Kansas, proceeds pro se in this civil action filed under 28 U.S.C. § 1331. Pursuant to plaintiff's request to proceed in forma pauperis in this matter, the court directed plaintiff to pay an initial partial filing fee of $59.00. 28 U.S.C. § 1915(b)(1). Before the court is plaintiff's response to that court order.

Plaintiff essentially states he does not have available resources to pay initial fee assessed under § 1915(b)(1), and asks the court to allow him to proceed in this manner.

Section 1915(b)(4) provides that where a prisoner has no means to pay the initial partial filing fee assessed under § 1915(b)(1), the prisoner is not to be prohibited from bringing a civil action. Accordingly, pursuant to § 1915(b)(4), the court grants plaintiff leave to proceed in forma pauperis. Plaintiff nonetheless remains obligated to pay the full $350.00 district court filing fee in this civil action, through payments from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2).

Because plaintiff is a prisoner, the court is required to screen the complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b).

In this action, plaintiff seeks expungement of a prison disciplinary action in which plaintiff was found to have attempted to manipulate the inmate phone system. Plaintiff admitted trying to effect a third party call to a family member, but contends he did not know it was prohibited conduct under the regulations promulgated by the Bureau of Prisons regulations. Plaintiff claims no evidence supported the disciplinary adjudication, and argues relevant prison regulations were erroneously interpreted. He identifies the disciplinary sanction imposed on this minor incident report as the loss of telephone privileges for 45 days, but maintains this disciplinary adjudication significantly prejudices his ability to transfer to a less secure facility that could offer greater educational programs, placement closer to his family, and transition to placement in a halfway house.

The court liberally construes this pro se pleading as seeking relief pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), which authorizes a private cause of action to redress an alleged deprivation of a federal constitutional right caused by an official acting under color of federal law. See *Hartman v. Moore*, 547 U.S. 250, 255 n.2 (2006)(*Bivens* suits are the federal analogue to suits brought against state officials pursuant to 42 U.S.C. § 1983). Thus to proceed on a *Bivens* claim, it is essential the alleged conduct must

2

rise to the level of a constitutional violation. *Seigert v. Gilley*, 500 U.S. 226 (1991). Because plaintiff proceeds pro se, the court must broadly construe plaintiff's pro se complaint. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir.2007).

Plaintiff basically argues the prison disciplinary action against him denied him due process, but fails to provide any factual or legal foundation for establishing a cognizable constitutional claim. It is well established that a prisoner has no liberty interest in his classification or placement because he is not entitled to any particular degree of liberty in prison, and that due process guarantees do not protect every change in the conditions of confinement having a substantial adverse impact on a prisoner. *Meachum v. Fano*, 427 U.S. 215, 224-25 (1976). Here, plaintiff suffered no loss of earned good time credits, cites no inevitable impact on the duration of his confinement, and identifies no consequences arising from the challenged discipline that are sufficient to establish and "atypical and significant hardship" or a "major disruption in his environment" for the purposes of implicating a liberty interest protected by the Due Process Clause. *See Sandin v. Conner*, 515 U.S. 472, 484-86 (1995)(stating requirements for due process claims related to prison discipline). The court thus finds the complaint is subject to being summarily dismissed as stating no claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii)

**Notice and Show Cause Order to Plaintiff**

Plaintiff is thereby directed to show cause why the complaint should not be summarily dismissed pursuant to § 1915(e)(2)(B)(ii).

The failure to file a timely response may result in the complaint being dismissed for the reasons stated herein, and without further prior notice to plaintiff.

IT IS THEREFORE ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Doc. 3) is granted, with payment of the $350.00 district court filing fee to proceed as authorized by 28 U.S.C. § 1915(b)(2).

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to show cause why the complaint should not be dismissed as stating no claim for relief, 28 U.S.C. § 1915(e)(2)(B)(ii).

**IT IS SO ORDERED.**

DATED:  This 12th day of July 2011 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge